1
2
3
4
5
6
7
8     **UNITED STATES DISTRICT COURT**
9     **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   UNITED STATES OF AMERICA,                    CASE NO. 11CR1197 WQH

12                                Plaintiff,        ORDER
            vs.
13   ROBERTO GARCIA-OLVERA,

14                                Defendant.

15

16   HAYES, Judge:

17          The matter before the Court is the Motion to Dismiss the Indictment under 8 U.S.C. §

18   1326(d) filed by the Defendant Roberto Garcia-Olvera.  ECF No. 11.

19                                      **FACTS**

20          On December 1, 1990, Defendant became a lawful permanent resident of the United

21   States.

22          On September 16, 1996, Defendant entered a plea of guilty to the following two

23   charges: 1) Count 1 Unlawful Intercourse with a Minor in violation of Cal. Penal Code §

24   261.5(d) and 2) Count 2 Lewd Act Upon a Child 14 or 15 years of age in violation of Cal.

25   Penal Code § 288c.  The Plea of Guilty document and the Judgment included both charges.

26   ECF No. 11-2 at 43.  The Plea of Guilty document stated " I now plead guilty to the charges

27   [Count 1- PC 3 261.5(d) and Count 2 - PC 3 288(c)] and admit that on the date charged I ... had

28   sexual intercourse with a minor under the age of 16 years; and I committed a lewd act on a 15

1   year old and I was more than 10 years older than she."ECF No. 11-2 at 50.

2        On January 17, 1997, the Immigration and Naturalization Service initiated deportation

3   proceedings against the Defendant.  The Order to Show Cause alleged that "you were on

4   September 16, 1996, convicted ... of the offense of LEWD ACT UPON A CHILD OF 14 or

5   15 YEARS OF AGE, committed between January 01, 1995 and April 30, 1996, in violation

6   of Section 288(c) of the California Health and Safety Code."  ECF No. 11-2 at 37.

7        On April 23, 1997, the Immigration Judge conducted a hearing.  Defendant was

8   represented by counsel.  The Immigration Judge concluded that the "allegations set forth in the

9   Order to Show Cause" were proven by clear and convincing evidence and constituted an

10   aggravated felony under the law.  ECF No. 11-2 at 22.  The Immigration Judge further

11   concluded that the Defendant was statutorily ineligible for Section 212(c) relief based upon

12   this conviction. Defendant was ordered deported. Defendant appealed the order of deportation

13   to the Board of Immigration Appeals.  On May 26, 1998, the Board upheld the decision of the

14   Immigration Judge.  Defendant was removed in 2000.

15        On November 14, 2010, Defendant was arrested by the San Diego Police Department

16   for failing to register as a sex offender.

17        On February 11, 2001, Defendant was transferred to immigration custody.

18        On March 29, 2011, the grand jury returned an indictment charging the Defendant with

19   Deported Alien found in the United States in violation of 8 U.S.C. § 1326 (a) and (b).

20   **CONTENTIONS OF THE PARTIES**

21        Defendant asserts that the indictment must be dismissed on the grounds that he was not

22   removable as charged.  Defendant asserts that the offense of Lewd Act Upon a Child 14 or 15

23   years of age in violation of Cal. Penal Code § 288c was not an aggravated felony under the

24   categorical or the modified categorical approach, and that he was eligible for relief, including

25   relief under 212(c) of the Immigration and Naturalization Act.  Defendant contends that his

26   deportation was fundamentally unfair and cannot serve as a predicate act under 8 U.S.C. §

27   1326.

28

The Government asserts that the Defendant's conviction Lewd Act Upon a Child 14 or 15 years of age in violation of Cal. Penal Code § 288(c) was an aggravated felony at the time of the immigration hearing, that the Court may find the Section 228(c) charge was an aggravated felony under the modified categorical approach, and that the Court can find that the Defendant suffered no prejudice even if the § 228(c) charge was not an aggravated felony.

## APPLICABLE LAW

A defendant charged with a violation of Section 1326 may collaterally attack the prior deportation prior to trial under the due process clause. *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004). In order to sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate: (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

## ANALYSIS

The issue presented in this case is whether the Defendant's 1996 conviction for Lewd Act Upon a Child 14 or 15 years of age in violation of Cal. Penal Code § 288(c) was "sexual abuse of a minor" and qualified as an aggravated felony under 8 U.S.C. §1101(a)(43)(A).[1]

The Court first applies the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In this case, the Court of Appeals concluded that Section 288(c) "does not address conduct that is per se abusive." *United States v. Castro*, 607 F.3d 566, 569 (9th Cir. 2010). Section 288(c)(1) is "categorically broader than the generic offense [of sexual abuse of a minor] because it is missing one element of the

---

[1]8 U.S.C. § 1101(a)(43)states: "[t]he term 'aggravated felony' means – (A) murder, rape, or sexual abuse of a minor."

1  generic crime, a 'sexual act.'" 607 F.3d at 569.  In *Castro*, the Court of Appeals explained that

2  "'sexual act' requires, at a minimum, an intentional touching, not through the clothing, of a

3  minor's genitalia.  Section 288(c)(1), however, contains no such requirement; it required only

4  a 'lewd or lascivious' act.  Lewd touching, for purposes of section 288, can occur through a

5  victim's clothing and can involve any part of the victim's body." *Id.* at 570.

6       The Court may consider the modified categorical approach. *Id.*  "The purpose of the

7  modified categorical approach is 'to determine if the record unequivocally establishes that the

8  [Petitioner] was convicted of the generically defined crime, even if the statute defining the

9  crime is overly inclusive.'"  *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083 (9th Cir. 2010)

10  (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc)).

11  Under the modified categorical approach, the Court "may look beyond the language of the

12  statute to a narrow, specified set of documents that are part of the record of conviction,

13  including 'the indictment, the judgment of conviction, jury instructions, a signed guilty plea,

14  or the transcript from the plea proceedings.'"  *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir.

15  2004) (quoting *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc)).

16       In this case, Defendant stated as a factual basis for the plea that "I committed a lewd act

17  on a 15 year old and I was more than 10 years older than she." ECF No. 11-2 at 50.  There was

18  no factual admission to a "sexual act."  *Castro* requires admission to a sexual act in order for

19  the offense to constitute "sexual abuse of a minor" under §1101(a)(43)(A).  The Court

20  concludes that the record does not unequivocally establish that the 1996 conviction for Lewd

21  Act Upon a Child 14 or 15 years of age in violation of Cal. Penal Code § 288(c) was "sexual

22  abuse of a minor" and qualified as an aggravated felony under 8 U.S.C. §1101(a)(43)(A).

23       The Government further asserts that Defendant cannot show prejudice required to

24  conclude that the underlying order of removal was fundamentally unfair because the

25  Defendant's conviction on September 16, 1996 included a separate charge in Count 1 of

26  Unlawful Intercourse with a Minor in violation of Cal. Penal Code § 261.5(d).  The

27  Government asserts that the Count 1 charge qualifies as "sexual abuse of a minor" under

28

1  §1101(a)(43)(A) using the modified categorical approach. Defendant contends that he suffered

2  prejudice when the Immigration Judge concluded that he was statutorily ineligible for relief

3  under Section 212(c) because his conviction under Section 288(c) was an aggravated felony.

4  Defendant contends that there was only one charge in the Order to Show Cause and that he was

5  not removable as charged.

6      In this case, the Section 261.5(d) conviction was not alleged in the Order to Show Cause

7  and not found by the Immigration Judge.  The Court of Appeals addressed this same fact

8  situation in *United States v. Camacho-Lopez*, 450 F.3d 928 (9th Cir. 2006).  The Court of

9  Appeals stated:

10      ...[to] succeed in his attack, Camacho must demonstrate that he was prejudiced
        and that, therefore, the removal order was fundamentally unfair. *See* 8 U.S.C. §
11      1326(d)(3). Camacho's Notice to Appear charged him as removable *only* for
        having committed an aggravated felony; as discussed above, Camacho's prior
12      conviction did not fit that definition. Thus, Camacho was removed when he
        should not have been and clearly suffered prejudice. We, therefore, reverse and
13      remand with instructions to dismiss the indictment.

14  450 F.3d at 930.  In Footnote 1, the Court of Appeals distinguished cases in which more than

15  one conviction was alleged in the Notice to Appear.  The Court stated:

16      In this respect, Camacho's case differs from Pallares-Galan. Pallares-Galan had
        additional convictions alleged in the original Notice to Appear, which also could
17      have supported his removability and led us to remand to the district court to
        consider the issue of prejudice. *United States v. Pallares-Galan,* 359 F.3d at
18      1092, 1103-04.

19  *Id.* at FN 1.

20      In this case, the Order to Show Cause alleged Defendant was removable based only on

21  the conviction under Section 288(c).  The Immigration Judge concluded that the Defendant

22  was statutorily ineligible for relief under Section 212(c) based upon the only conviction

23  alleged.  The Court has concluded that this conviction did not fit the definition of aggravated

24  felony and did not support the conclusion of the Immigration Judge.  Defendant has shown

25  prejudice.

26

27

28

1     IT IS HEREBY ORDERED that Motion to Dismiss the Indictment under 8 U.S.C. §

2 1326(d) filed by the Defendant Roberto Garcia-Olvera ECF No. 11 is granted.

3 DATED:  May 26, 2011

4                                          *William Q. Hayes*
                                           **WILLIAM Q. HAYES**
5                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
11cr1197 WQH